UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEARLD S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-CV-5775 – DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to consider the medical opinions of Drs. Jerry Fisher and Richard Rosenbaum. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 23, 2016, Plaintiff filed an application for DIB, alleging disability as of February 9, 2016. *See* Dkt. 7, Administrative Record ("AR") 13. The application was denied upon initial administrative review and on reconsideration. *See* AR 13. A hearing was held before ALJ Malcolm Ross on December 1, 2017. *See* AR 13. In a decision dated May 31, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 20. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 12; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the medical opinion evidence; (2) finding Plaintiff's medically determinable impairments are not severe at Step Two; (3) forming the residual functional capacity ("RFC"); and (4) concluding Plaintiff is not disabled without support of substantial evidence. Dkt. 11.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ failed to properly consider the medical opinion evidence. Dkt. 11, pp. 10-13. Notably, Plaintiff argues the ALJ failed to give any consideration to the opinions of Drs. Fisher and Rosenbaum. Dkt. 11, pp. 11-13.

1       In assessing an acceptable medical source, an ALJ must provide "clear and convincing"
2  reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*
3  *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.
4  1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining
5  physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons
6  that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*
7  *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.
8  1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts
9  and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*
10 *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th
11 Cir. 1989)).

12       The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*,
13 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative
14 evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-571 (9th Cir. 1995) (quoting
15 *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding
16 [such] evidence." *Id.* at 571. Furthermore, an RFC must take into account all of an individual's
17 limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus,
18 an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence."
19 *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698
20 F.3d 1153, 1161 (9th Cir. 2012)).

21       Dr. Fisher, one of Plaintiff's treating physicians, opined Plaintiff is restricted to lifting 50
22 pounds occasionally and 20 pounds frequently with his right hand. AR 1424. He opined Plaintiff
23 should never perform fine or gross manipulation with his left hand and should never raise his left
24

arm over shoulder level. AR 1424. Dr. Fisher also opined Plaintiff should never operate a motor vehicle and should be limited to only occasional exposure to working around dangerous equipment. AR 1424. Dr. Fisher's opinion was corroborated by Dr. Rosenbaum, another one of Plaintiff's treating physicians. AR 1426. Dr. Rosenbaum also added that because Plaintiff is left handed, his "left arm symptoms interfere with writing or keyboard use." AR 1426. Both doctors diagnosed Plaintiff with left brachial plexus stretch injury/plexopathy. AR 1424, 1426. Other than briefly quoting one of Dr. Rosenbaum's exams, the ALJ does not discuss either Dr. Rosenbaum's or Dr. Fisher's opinions. *See generally* AR 17-20.

Both opinions indicate Plaintiff has limitations in his ability to perform work and are therefore significant, probative evidence. *See Hollingsworth v. Colvin*, 2013 WL 3328609 at *2 (W.D. Wash. July 1, 2013) (*citing* 20 C.F.R. § 404.1527(c)(2)) ("[t]he opinion of a treating physician regarding a claimant's ability to perform work is significant probative evidence"). Thus, the ALJ erred by failing to evaluate the opinions of Drs. Fisher and Rosenbaum. Therefore, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for dismissing the opinions of Drs. Fisher and Rosenbaum. As such, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The

determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The ALJ's failure to discuss the opinions of Drs. Fisher and Rosenbaum impacts his analysis at Step Two because these opinions reflect Plaintiff's ability to work. *See* 20 C.F.R. § 404.1520(c). The ALJ did not conclude Plaintiff's impairments as opined by Drs. Fisher and Rosenbaum are severe at Step Two. *See* AR 20. By contrast, both doctors opined Plaintiff's impairments affect his ability to work. *See* AR 1424, 1426. Further, there is no indication in either opinion that Plaintiff's impairments will last less than 12 months. *See* AR 1424, 1426. As the ALJ failed to discuss significant, probative evidence regarding Plaintiff's limitations, he erred in finding Plaintiff's impairments were not severe at Step Two. *See Flores*, 49 F.3d at 570-571. Therefore, the ALJ may have found Plaintiff's impairments severe at Step Two had the opinions been properly considered. *See* 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 423(d)(2)(A).

Further, had the ALJ properly considered Drs. Fisher's and Rosenbaum's opinions, the RFC and hypothetical questions posed to the vocational expert may have contained additional limitations. For example, both doctors opined Plaintiff should never perform fine or gross manipulation with his left hand and should never raise his left arm over shoulder level. AR 1424, 1426. By contrast, the RFC restricted Plaintiff to frequent bilateral fingering. AR 20. Because the ultimate disability determination may have changed with proper consideration of Drs. Fisher's and Rosenbaum's opinions, the ALJ's errors are not harmless.

As the ALJ's errors in assessing the opinions of Drs. Fisher and Rosenbaum impact multiple parts of the sequential evaluation process, the ALJ is directed to reconsider this entire matter on remand, including Step Two and the medical opinion evidence.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 24th day of April, 2020.

David W. Christel
United States Magistrate Judge